# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### CEDAR RAPIDS DIVISION

KEVIN EUGENE LEE,

    Movant,

vs.

UNITED STATES OF AMERICA.

No. C12-0075-LRR
No. CR09-0012-LRR

ORDER

---

This matter appears before the court on Kevin Eugene Lee's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (civil docket no. 1) and amendment (docket no. 3). Kevin Eugene Lee ("the movant") filed his motion on August 2, 2012 and his amendment on June 11, 2013.

Having conducted its preliminary consideration of the movant's amended § 2255 motion pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, the court directs the government and the movant to respond in the following manner:

> 1. The government is directed to file a brief in response to the movant's amended § 2255 motion on or before December 9, 2013. The government may attach relevant exhibits to its brief.
>
> 2. If he so chooses, the movant is directed to file a brief in reply to the government's response on or before January 3, 2014.

The movant raises at least one claim of ineffective assistance of counsel. A claim of ineffective assistance of counsel waives the attorney-client privilege as to communications with the attorney that are necessary to prove or disprove the claim. *See Tasby v. United States*, 504 F.2d 332, 336 (8th Cir. 1974) ("When a client calls into public question the competence of his attorney, the privilege is waived."); *see also United States v. Pinson*, 584 F.3d 972, 978 (10th Cir. 2009) (citing *Tasby*, 504 F.2d at 336); *United*

*States v. Davis*, 583 F.3d 1081, 1090 (8th Cir. 2009) (making clear that attorney-client privilege cannot be used as both a sword and a shield); *In re Lott*, 424 F.3d 446, 453 (6th Cir. 2005) (citing *Tasby*, 504 F.2d at 336); *Bittaker v. Woodford*, 331 F.3d 715, 720 (9th Cir. 2003) (addressing scope of waiver); *United States v. Ballard*, 779 F.2d 287, 292 (5th Cir. 1986) (permitting an attorney to reveal otherwise privileged communications when defending himself against charges of improper conduct); *Schwimmer v. United States*, 232 F.2d 855, 863 (8th Cir. 1956) (indicating that waiver may be express or implied). Therefore, counsel whose representation is challenged is directed to file with the court an affidavit that responds only to the movant's specific allegation(s) of ineffective assistance of counsel. Such affidavit must contain all of the information that counsel reasonably believes is necessary to respond to the movant's specific allegation(s). In addition, counsel is directed to attach to, or include with, his or her affidavit all of the documents that he or she reasonably believes are necessary to respond to the movant's allegation(s). This court-supervised response to the movant's allegation(s) must be filed with the court on or before November 8, 2013. The clerk's office is directed to provide a copy of this order to the movant's former counsel.[1] After defense counsel complies with the court's directives, the

---

[1] The American Bar Association provides guidance as to when an attorney may reveal information that relates to the representation of a client who alleges ineffective assistance of counsel. Specifically, the ABA, in relevant part, states:
> [a] lawyer may reveal information relating to the representation of a client to the extent the lawyer reasonably believes necessary [. . .] to respond to allegations in any proceeding concerning the lawyer's representation of the client [or] to comply with other law or a court order.

ABA Model Rules of Prof'l Conduct R. 1.6(b)(5)-(6); *see also* ABA Model Rules of Prof'l Conduct R. 1.6 cmt. 12-15 (addressing disclosures that are adverse to the client). Concerning Model Rule 1.6, counsel is advised to read ABA Formal Opinion 10-456, Disclosure of Information to Prosecutor When Lawyer's Former Client Brings Ineffective Assistance of Counsel Claim. *See* ABA Comm. on Ethics & Prof'l Responsibility, Formal Op. 10-456 (2010). It may be accessed at the following website:
(continued…)

clerk's office is directed to serve both parties with a copy of the documents that defense counsel files.

Where former counsel cooperates by reviewing his or her files, by providing information and documents, by preparing an affidavit and/or by testifying during an evidentiary hearing, the court deems it appropriate to pay him or her under the Criminal Justice Act, 18 U.S.C. § 3006A. After providing the requisite services, counsel may submit a supplemental CJA 20 voucher. Absent exceptional circumstances or an extraordinary reason for doing so, counsel's claim for services should not exceed 10 hours and claim for other expenses should not exceed $250.00.

**IT IS SO ORDERED**.

**DATED** this 8th day of October, 2013.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

---

[1](…continued)
http://www.americanbar.org/content/dam/aba/migrated/2011_build/professional_responsibility/ethics_opinion_10_456.authcheckdam.pdf. Alternatively, such opinion may be accessed by visiting the ABA's website and typing into the search feature "10-456". If counsel concludes that he or she cannot comply with this order without violating an attorney-client privilege or if counsel concludes that he or she cannot reasonably determine the scope of the waiver of the attorney-client privilege, counsel is directed to file a response that specifically states the reasons for his or her conclusion. To comply with this order, counsel must file either an affidavit, a response or, if appropriate, a combination of the two by the required date.

3