**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION**

| | |
|---|---|
| KEVIN EUGENE LEE, <br><br> Movant, <br><br> vs. <br><br> UNITED STATES OF AMERICA. | No. C12-0075-LRR <br> No. CR09-0012-LRR <br><br> **ORDER** |

This matter appears before the court on Kevin Eugene Lee's amended motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (civil docket nos. 1 & 3). On August 2, 2012, Kevin Eugene Lee ("the movant") filed his 28 U.S.C. § 2255 motion and, on June 11, 2013, he filed his amendment to it. On October 8, 2013, the court, among other things, directed the parties to brief the claims that the movant included in his amended motion pursuant to 28 U.S.C. § 2255 (civil docket no. 5). On November 8, 2013, plea counsel filed an affidavit (civil docket no. 6), and, on December 20, 2013, sentencing counsel filed an affidavit (civil docket no. 12). On January 2, 2014, the government filed a resistance (civil docket no. 13). The movant did not file a reply. Rather, on February 20, 2014, the movant filed a motion to enlarge the record (civil docket no. 15), a motion to amend the amended motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (civil docket no. 16) and a brief in support of relief (civil docket no. 17). On February 24, 2014, the government filed a resistance to the motion to enlarge the record and motion to amend the amended motion (civil docket no. 18). On March 18, 2014, the movant filed a reply (civil docket no. 19). The court now

turns to consider the movant's amended motion pursuant to 28 U.S.C. § 2255, motion to enlarge the record and motion to amend the amended motion.

In his amended motion pursuant to 28 U.S.C. § 2255, the movant originally asserted the following claims: (1) plea counsel provided erroneous advice concerning the possible sentence that he faced and he decided to plead guilty based on plea counsel's assertion that he would receive a sentence of no more than twenty years of imprisonment; (2) plea counsel failed to conduct an adequate investigation as to whether he could be guilty of possessing a firearm if he was never caught with a firearm, whether he qualified as an armed career criminal and what statements were made by his co-defendant; (3) plea counsel failed to object when the government did not provide a factual basis for or stipulate to the offenses that qualified as predicates for purposes of the Armed Career Criminal Act; (4) sentencing counsel failed to object due to a conflict of interest, failed to investigate his concerns about the calculation of his sentencing guidelines range, failed to file a motion to withdraw his guilty pleas based on errors that occurred during the plea colloquy and failed to object to sentencing enhancements; and (5) counsel failed to seek the recusal of the undersigned. In comparison, the motion to enlarge the record, the motion to amend the amended motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 and brief in support of relief raise some new claims. In the documents that he filed on February 20, 2014, the movant asserts that: (1) he was pressured by plea counsel and his family to plead guilty; (2) plea counsel did not follow up on information proving his innocence that he provided to her; (3) plea counsel could have easily disproved possession of a firearm at trial; (4) his prior convictions for injury to a child did not qualify as a violent felony for Armed Career Criminal Act enhancement purposes in light of the Supreme Court's decision in *Descamps v. United States*, ___ U.S. ___, 133 S. Ct. 2276 (2013); (5) sentencing counsel failed to adequately investigate whether his prior convictions qualified as predicate offenses under the Armed Career Criminal Act based on case law of the Fifth Circuit Court of Appeals; (6) he is entitled to have his sentence

corrected to reflect the ten year statutory maximum sentence set forth in 18 U.S.C. § 922(g)(1); and (7) no competent attorney would permit a client to plead guilty to an offense that subjected him to an enhanced sentence as an armed career criminal when he should have received a sentence of no more than ten years.

Not all of the movant's new arguments sufficiently relate back to his original ineffective assistance of counsel claims. *See United States v. Craycraft*, 167 F.3d 451, 457 (8th Cir. 1999) (concluding an otherwise untimely amendment to a 28 U.S.C. § 2255 motion does not relate back to a timely filed motion when the original claims are distinctly separate from the claims in the amendment); *see also Mandacina v. United States*, 328 F.3d 995, 999-1000 (8th Cir. 2003) (citing *Craycraft*, 167 F.3d at 457); *Moore v. United States*, 173 F.3d 1131, 1135 (8th Cir. 1999) (discussing *Craycraft*, 167 F.3d at 456-57). For example, the movant did not contest the validity of the predicate offenses for purposes of the Armed Career CriminalAct sentencing enhancement in his original filing. Rather, he maintained that plea counsel provided ineffective assistance because she advised him to plead guilty even though he qualified as an armed career criminal. The factual basis upon which the movant now relies on in support of his request for relief is different. *See Dodd v. United States*, 614 F.3d 512, 515 (8th Cir. 2010). Indeed, the movant is essentially asserting that counsel failed to adequately challenge the validity of his predicate offenses and that the court and the Eighth Circuit Court of Appeals erred when concluding that he had a sufficient number of predicate offenses for purposes of the Armed Career Criminal Act.

Further, the movant is not able to rely on *Descamps v. United States*, ___ U.S. ___, 133 S. Ct. 2276 (2013), because the Supreme Court has not made it retroactive to cases on collateral review. *See Tyler v. Cain*, 533 U.S. 656, 663 (2001) ("[A] new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive."). The movant cites to no case in which the Supreme Court has declared its decision in *Descamps* to be retroactively applicable on collateral review, and the court's

own search has not revealed any cases that have applied *Descamps* retroactively to a case on collateral review. *Cf. United States v. Hairston*, 2014 U.S. Dist. LEXIS 38683 (W.D. Va. 2014); *United States v. Davis*, 2014 U.S. Dist. LEXIS 34879 (N.D. Ill 2014); *Hunter v. United States*, 2014 U.S. Dist. LEXIS 28755 (E.D. Okla. 2014); *Wilson v. Holland*, 2014 U.S. Dist. LEXIS 16277 (E.D. Ky. 2014); *Hoskins v. Coakley*, 2014 U.S. Dist. LEXIS 7671 (N.D. Ohio 2014); *United States v. Copeland*, 2014 U.S. Dist. LEXIS 1921 (N.D. Okla. 2014); *Monroe v. United States*, 2013 U.S. Dist. LEXIS 168904 (N.D. Tex. 2013); *Baldwin v. United States*, 2013 U.S. Dist. LEXIS 167124 (D. Md. 2013); *Strickland v. English*, 2013 U.S. Dist. LEXIS 119371 (N.D. Fla 2013).

Because the arguments concerning whether the movant is actually an armed career criminal do not relate back to his original claims, they are barred as untimely. Accordingly, the motion to enlarge the record (civil docket no. 15) and motion to amend the amended motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (civil docket no. 16) shall be denied. Nevertheless, the movant submitted his additional arguments within the period that the movant could file a reply and, to the extent that the movant asserts arguments in his motion to enlarge the record, motion to amend the amended motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 and brief in support of relief that relate to his original claims, the court will consider them.

A district court is given discretion in determining whether to hold an evidentiary hearing on a motion under 28 U.S.C. § 2255. *See United States v. Oldham*, 787 F.2d 454, 457 (8th Cir. 1986). In exercising that discretion, the district court must determine whether the alleged facts, if true, entitle the movant to relief. *See Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996). "Accordingly, [a district court may summarily dismiss a motion brought under 28 U.S.C. § 2255 without an evidentiary hearing] if (1) the . . . allegations, accepted as true, would not entitle the [movant] to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Engelen v. United States*, 68

F.3d 238, 240-41 (8th Cir. 1995) (citations omitted); *see also Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998) (stating that an evidentiary hearing is unnecessary where allegations, even if true, do not warrant relief or allegations cannot be accepted as true because they are contradicted by the record or lack factual evidence and rely on conclusive statements); *United States v. Hester*, 489 F.2d 48, 50 (8th Cir. 1973) (stating that no evidentiary hearing is necessary where the files and records of the case demonstrate that relief is unavailable or where the motion is based on a question of law). Stated differently, a 28 U.S.C. § 2255 motion can be dismissed without a hearing where "the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; *see also Standing Bear v. United States*, 68 F.3d 271, 272 (8th Cir. 1995) (per curiam).

The court concludes that it is able to resolve the movant's claims from the record. *See Rogers v. United States*, 1 F.3d 697, 699 (8th Cir. 1993) (holding "[a]ll of the information that the court needed to make its decision with regard to [the movant's] claims was included in the record . . . ." and, therefore, the court "was not required to hold an evidentiary hearing") (citing Rule Governing Section 2255 Proceedings 8(a) and *United States v. Raddatz*, 447 U.S. 667, 674, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980)). The evidence of record conclusively demonstrates that the movant is not entitled to the relief sought. Specifically, the record indicates that the movant's claims are without merit, especially considering that it is clear that counsel represented the movant in a manner that exceeded constitutional requirements. As such, the court finds that there is no need for an evidentiary hearing.

With respect to the merits of the movant's claims, the court deems it appropriate to deny the movant's motion under 28 U.S.C. § 2255 for the reasons stated in the government's resistance. The government's brief adequately sets forth the law that is applicable to the facts in the movant's case. Specifically, the government correctly

concluded that counsel provided professional and effective assistance to the movant and the movant suffered no prejudice as a result of counsel's actions.

Moreover, the court thoroughly reviewed the record and finds that the denial of the movant's motion under 28 U.S.C. § 2255 comports with the Constitution, results in no "miscarriage of justice" and is consistent with the "rudimentary demands of fair procedure." *Hill v. United States*, 368 U.S. 424, 428, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962); *see also United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) ("Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised for the first time on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." (citing *Poor Thunder v. United States*, 810 F.2d 817, 821 (8th Cir. 1987))). In light of the record, there is no basis upon which to grant relief.

It is not subject to debate that the movant knowingly and voluntarily pleaded guilty. *See Walker v. United States*, 115 F.3d 603, 604 (8th Cir. 1997) ("[A] valid guilty plea forecloses an attack on conviction unless 'on the face of the record the court had no power to enter the conviction or impose the sentence.'"); *United States v. Jennings*, 12 F.3d 836, 839 (8th Cir. 1994) (a voluntary and unconditional guilty plea waives all defects except those related to jurisdiction); *see also United States v. Seay*, 620 F.3d 919, 921-23 (8th Cir. 2010) (making clear that a challenge based on a court's statutory or constitutional power to adjudicate a case survives a defendant's guilty plea). At the change of plea hearing, the movant acknowledged the following: (1) he had a chance to discuss the charges with plea counsel; (2) he was a felon and as such was not allowed to possess firearms; (3) he understood the rights that he was giving up by entering pleas of guilty; (4) he was pleading guilty to being a felon in possession of a firearm but that he was still disputing for sentencing purposes whether he qualified as an armed career criminal; (5) he possessed firearms on a date that was later than October 24, 2008; (6) he had reasonable cause to believe that the firearms were stolen; (7) he had been convicted of a crime that

was punishable by imprisonment for a term exceeding one year; (8) he agreed that the firearms were transported across a state line; (9) he understood that he could be sent to prison on count one for up to ten years; (10) he understood that he could be sent to prison on count two for either up to ten years if the court did not find that he had three prior convictions for violent felonies or at least fifteen years and up to life if the court determined that he had previously committed three violent felonies on different occasions; (11) he would not be on supervised release if he received a sentence of life; (12) he would face at least fifteen years and up to life, rather than a maximum of twenty years, if the court determined that he had three prior predicate offenses; (13) he understood that, if he did not have three prior predicate offenses and the guideline range was 292 to 365 months imprisonment, the court could not impose a sentence above the twenty year maximum; (14) he understood that the court could sentence him under two different scenarios, that is, up to twenty years imprisonment if the court determined that he was not an armed career criminal or up to life imprisonment if the court determined that he had three qualifying convictions; (15) he would not be able to withdraw his guilty plea if he was unhappy with the sentence that he received; (16) he agreed that no one forced or pressured him to plead guilty or made any promises to get him to plead guilty; and (17) he did not have any questions about anything that was discussed. In addition, the court and the parties went over other aspects of the movant's case. Those aspects are as follows: (1) whether numerous additional charges, including a charge for selling a firearm to a felon or drug user (ten year maximum sentence), a charge under 18 U.S.C. § 924(c) (seven year consecutive sentence and up to life imprisonment) and a charge under 18 U.S.C. § 1951 (twenty year maximum sentence), would be filed against him; (2) whether the specific crimes that were punishable by imprisonment for a term exceeding one year had to be identified; (3) whether an adequate factual basis for a plea of guilty to each count existed; (4) whether the government's discovery file supported a factual basis for a plea of guilty to each count; (5) whether any possible defenses to the charges existed; (6) whether there

7

were any questions about the sentencing procedure; and (7) whether there was anything that might affect the validity of the movant's pleas. After the change of plea hearing, the movant did not object, and, consequently, the court accepted both of his guilty pleas.

Similarly, during the sentencing hearing, the movant reiterated that he understood the maximum penalties for both counts. He also reiterated that he was guilty of possessing stolen firearms and guilty of being a felon in possession of a firearm. And, after he expressed some reservation about being told that he was facing fifteen, thirty or a life sentence and asked about withdrawing his guilty pleas, the movant expressed his willingness to proceed. The movant also stated that he had sufficient time to review the pre-sentence investigation report and to address his concerns with sentencing counsel. Further, during his allocution, the movant admitted that he had talked to law enforcement about the guns, asserted that his co-defendant had made statements that suggested he did not have a leadership role in the burglaries, expressed that he has never been caught with a weapon, never been identified in a lineup and never been seen with a gun, conveyed that he was frustrated because his life was going to be taken away and stated that he should not have acceptance of responsibility taken away.

Given the record, it is undeniable that the movant knew it was possible that his sentence could be lengthy even if the court determined that he was not an armed career criminal. Indeed, based on a total adjusted offense level of 37 and a criminal history category of IV, the government had preliminarily calculated an advisory sentencing guideline range of 292 to 365 months imprisonment, which was well above the twenty year maximum sentence if the court determined that he did not qualify as an armed career criminal. And, based on a total adjusted offense level of 30 to 32 and a criminal history category of IV, plea counsel had preliminarily calculated a sentence over ten years, and she stated that the movant's advisory sentencing guidelines range would go up if his criminal history category was higher than a IV. So, after assuming the movant would receive a reduction in his total adjusted offense level for acceptance of responsibility and

assuming particular sentencing adjustments might or might not apply, the parties acknowledged that their estimates of the movant's ultimate sentence varied considerably. Despite knowing the maximum sentence was twenty years if he did not have three predicate offenses and life if he did have three predicate offenses, the movant voluntarily pleaded guilty.

Further, the court's application of the advisory sentencing guidelines, consideration of the parties' arguments and application of the factors under 18 U.S.C. § 3553(a) violated no constitutional right. *See United States v. Villareal-Amarillas*, 562 F.3d 892, 898 (8th Cir. 2009) (observing that a sentencing judge is only constrained by the statutory maximum and minimum for an offense and the factors included in 18 U.S.C. § 3553(a)); *United States v. Garcia-Gonan*, 433 F.3d 587, 593 (8th Cir. 2006) (finding that constitutional challenges failed because sentence-enhancing facts need only be found by a preponderance of the evidence). Although the movant takes issue with being characterized as an armed career criminal, that designation only resulted in the minimum sentence being raised to fifteen years and the maximum sentence being raised to life on count two. Because the movant's base offense level under USSG §2K2.1 was 26, the movant was only facing an advisory sentencing guideline range of 120 to 150 months imprisonment before specific offense characteristics, victim related adjustments and role in the offense were taken into account. Stated differently, the movant's status as an armed career criminal was not the primary factor that increased his sentence. If he was just an armed career criminal, the movant would have faced a sentence at or close to the mandatory minimum of fifteen years. The primary factor for the sentence that the movant received was the court's consideration of relevant conduct that resulted in a total adjusted offense level of 43. Given the record, the court concludes that the sentence that the movant received is appropriate.

Additionally, it is apparent that the conduct of counsel fell within a wide range of reasonable professional assistance, *Strickland v. Washington*, 466 U.S. 668, 689 (1984),

and counsel's performance did not prejudice the movant's defense, *id*. at 692-94. Considering all the circumstances and refraining from engaging in hindsight or second-guessing counsel's strategic decisions, the court finds that the record belies the movant's claims and no violation of the movant's constitutional right to counsel occurred. The court finds that counsel's accounts of their representation of the movant are credible. On the other hand, the movant's assertions regarding counsel's assistance are without merit. Contrary to the movant's assertions, counsel appropriately reviewed and assessed the evidence against the movant, counsel suitably investigated different aspects of the case, counsel adequately explained the options that the movant had, counsel did not coerce or threaten the movant into pleading guilty, counsel made strategic decisions and counsel did not fail to raise any viable argument at the trial level or appellate level. There is no credible basis to conclude that counsel should have dissuaded the movant from pleading guilty, counsel should have sought to withdraw the movant's pleas of guilty, counsel should have sought recusal, counsel should have done more when contesting the offenses that led to increased penalties or counsel should have challenged on some other basis relevant conduct. Moreover, the movant's assertions as to what counsel did or failed to do while representing him would not have changed the outcome.

In sum, the alleged errors that are asserted by the movant do not warrant relief under 28 U.S.C. § 2255. The movant's claims are devoid of merit. None of the movant's assertions in support of his request for relief lead the court to conclude that a violation of the Constitution occurred. Based on the foregoing, the movant's 28 U.S.C. § 2255 motion shall be denied.

In a 28 U.S.C. § 2255 proceeding before a district judge, the final order is subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held. *See* 28 U.S.C. § 2253(a). Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. *See* 28 U.S.C. § 2253(c)(1)(A). A district court possesses the authority to issue certificates of appealability

under 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b). *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36, 123 S. Ct. 1029, 1039, 154 L. Ed. 2d 931 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997); *Tiedeman*, 122 F.3d at 523. To make such a showing, the issues must be debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *Cox*, 133 F.3d at 569 (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994)); *see also Miller-El*, 537 U.S. at 335-36 (reiterating standard).

Courts reject constitutional claims either on the merits or on procedural grounds. "'[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy [28 U.S.C.] § 2253(c) is straightforward: the [movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000)). When a federal habeas petition is dismissed on procedural grounds without reaching the underlying constitutional claim, "the [movant must show], at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack*, 529 U.S. at 484.

Having thoroughly reviewed the record in this case, the court finds that the movant failed to make the requisite "substantial showing" with respect to the claims that he raised in his 28 U.S.C. § 2255 motion. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b). Because he does not present a question of substance for appellate review, there is no reason to grant a certificate of appealability. Accordingly, a certificate of appealability

11

shall be denied. If he desires further review of his 28 U.S.C. § 2255 motion, the movant may request issuance of the certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals in accordance with *Tiedeman*, 122 F.3d at 520-22.

**IT IS THEREFORE ORDERED**:

1) The movant's amended 28 U.S.C. § 2255 motion (civil docket nos. 1 & 3) is denied.

2) The movant's motion to enlarge the record (civil docket no. 15) and motion to amend the amended motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (civil docket no. 16) are denied.

3) A certificate of appealability is denied.

**DATED** this 18th day of April, 2014.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA